UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21-cv-00347-MR

| JAMES LARKIN KETCHERSID, JR., | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) ORDER |
| FNU DEVINNEY, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint [Doc. 1], filed under 42 U.S.C. § 1983. See 28 U.S.C. §§ 1915(e)(2); 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 2, 7].

**I. BACKGROUND**

Pro se Plaintiff James Larkin Ketcherside, Jr., ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Maury Correctional Institution in Maury, North Carolina. On November 24, 2021, Plaintiff filed the instant action pursuant to 42 U.S.C. § 1983. Plaintiff claims that his constitutional rights were violated by Defendants' alleged denial of Plaintiff's access to the Courts. [Doc. 1]. Plaintiff names FNU Devinney and FNU Morgan, identified as Correctional Officers at Marion Correctional Institution

("Marion"), and John Doe, identified as a Marion mailroom employee, as Defendants in this matter in their individual and official capacities. [Id. at 2-3].

Plaintiff alleges that Defendants mishandled a piece of legal mail related to a separate proceeding in this Court, Civil Case No. 1:21-cv-00115-MR. Plaintiff alleges that he received a Notice of Deficiency in that case after filing his Complaint that directed him to either pay the filing fee or file an application to proceed without prepayment of fees within 21 days of that Notice. [Id. at 7]. Plaintiff further alleges that he attempted to obtain a money order from his prison trust fund account to pay the filing fee, but that this request was denied. [Id.]. Plaintiff then prepared and attempted to mail an application to proceed without prepaying filing fees to the Court within the deadline. Plaintiff alleges that Defendants Devinney, Morgan, and John Doe mishandled his mail, and that the application was not timely received by the Court. [Id. at 7-8]. Plaintiff alleges that Defendants Devinney and Morgan "intentionally delayed the documents from being sent out to hinder [Plaintiff's] civil case." [Id. at 8]. Plaintiff contends he suffered "actual injury" because Defendants' actions caused Plaintiff "to exceed a deadline that was ordered,"

which "could have caused a dismissal of the case."[1]  [Id.].  Plaintiff seeks injunctive and monetary relief, including punitive damages.  [Id. at 10].

## II. STANDARD OF REVIEW

The Court must review Plaintiff's Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2).  Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios.

---

[1] In his Complaint, Plaintiff makes an offhand reference to having been transferred from Marion to Maury on May 11, 2021 "upon information and belief … in retribution to the civil case."  [Doc. 1 at 8].  Plaintiff makes no other allegations or claims related to this statement and does not name any defendants in relation thereto.  As such, the Court declines to address it further.  Cochran v. Morris, 73 F.3d 1310, 1318 (4th Cir. 1996) ("A district judge is not required to piece together causes of action from fragmentary factual recitations.").  If Plaintiff intended to assert a retaliation claim, he may do so by separate action.  The Court makes no assessment here regarding the merit of any such claim.

3

Case 1:21-cv-00347-MR   Document 11   Filed 01/19/22   Page 3 of 6

Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

The Supreme Court stated in Bounds v. Smith, 430 U.S. 817 (1977), that prisoners must have meaningful access to the courts. The "meaningful access" referred to in Bounds does not, however, entitle a plaintiff to total or unlimited access. See Moore v. Gray, No. 5:04-CT-918-FL, 2005 WL 3448047, at *1 (E.D.N.C. Jan. 26, 2005), aff'd, 133 Fed. App'x 913 (4th Cir. 2005) (unpublished) (citation omitted). The right of access to the courts only requires that prisoners have the capability of bringing challenges to sentences or conditions of confinement. See Lewis v. Casey, 518 U.S. 343, 356-57 (1996). Moreover, as a jurisdictional requirement flowing from the

4

Case 1:21-cv-00347-MR   Document 11   Filed 01/19/22   Page 4 of 6

standing doctrine, the prisoner must allege an actual injury. See id. at 349. "Actual injury" is prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim. See id. A plaintiff's "[f]ailure to show that a 'nonfrivolous legal claim has been frustrated' is fatal to his Bounds claim." Alvarez v. Hill, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (quoting Casey, 518 U.S. at 353).

Here, Plaintiff claims only that Defendants' conduct caused him to miss a deadline in another case, which could have resulted in dismissal of that case. In reviewing the docket in Case No. 1:21-cv-115-MR, of which the Court takes judicial notice, Plaintiff suffered no actual injury from Defendants' alleged conduct. Despite being untimely, the Clerk, nonetheless, addressed Plaintiff's application to proceed in forma pauperis and ordered the North Carolina Department of Public Safety (NCDPS) to provide Plaintiff's prisoner trust fund account statement. [Case No. 1:21-cv-115, Docs. 5, 6]. Eventually, the Clerk allowed Plaintiff to proceed without prepayment of the filing fee. [See Docs. 9, 10, 15, 19, 20, 21]. Plaintiff's Amended Complaint in Case No. 1:21-cv-115, Doc. 13, is the subject of an initial review order being entered contemporaneously herewith.

As such, Plaintiff has not alleged (and the record clearly does not support) that a nonfrivolous legal claim has been frustrated, which is fatal to

5

a Bounds claim.  Plaintiff, therefore, has failed to state a claim for relief. Because amendment would be futile, the Court will dismiss Plaintiff's Complaint with prejudice.

## IV. CONCLUSION

In sum, Plaintiff has failed to state a claim upon which relief may be granted under § 1983 against any Defendant.  Because amendment of Plaintiff's Amended Complaint would be futile, the Court will dismiss it with prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint [Doc. 1] is **DISMISSED WITH PREJUDICE** for failure to state a claim.

The Clerk is instructed to terminate this action.

Signed: January 19, 2022

Martin Reidinger
Chief United States District Judge